FILED
SUPERIOR COURT
OF GUAM

2022 SEP 26 PM 5: 06

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| IN THE MATTER OF THE ESTATE | PROBATE CASE NO. PR0122-19 |
|---|---|
| OF | **DECISION AND ORDER** (Motion for Leave to File First Amended Petition of Anthony Raymond Ulloa for Probate of Will and Letters of Administration with Will Annexed) |
| **BYONG H. KANG,** | |
| **Deceased.** | |

This matter came before the Honorable Dana A. Gutierrez on June 24, 2022 for a hearing on Petitioner Anthony Raymond Ulloa's ("Petitioner") Motion for Leave to File First Amended Petition of Anthony Raymond Ulloa for Probate of Will and for Letters of Administration with Will Annexed ("Motion for Leave").

Present via Zoom were Attorney Georgette Concepcion representing Petitioner;[1] Attorney Joyce C.H. Tang[2] representing Cross-Petitioner Jung Ye Kang ("Cross-Petitioner");[3] and Attorney Joshua D. Walsh representing Suk Hook Paul Kang and Suk Jin Andrew Kang ("Paul" and "Andrew"). Upon a review of the applicable law, the arguments presented by the parties, and in consideration of the proceedings thus far, the Court hereby **GRANTS** Petitioner's Motion for Leave.

### PROCEDURAL BACKGROUND

This matter arises out of a Petition for Probate of Will and Letters Testamentary for the Estate of Byong H. Kang ("Petition") filed by Petitioner on July 14, 2020. On September 9, 2020, Cross-Petitioner filed her Verified Cross-Petition for Probate of Will & Letters of

---

[1] The Petitioner's proposed "administrator," Stanley C. Wilson, was present via Zoom.
[2] Attorney Dean A. Manglona, who also represents Cross-Petitioner, was present via Zoom.
[3] Cross-Petitioner was present with counsel via Zoom.

1

Administration with Will Annexed ("Cross-Petition") and her Objection to Petition for Admission of Will and Letters of Administration with Will Annexed ("Obj. to Pet.").[4] On October 1, 2020, Petitioner filed an Objection to Cross-Petition ("Obj. to Cross-Pet."). On December 29, 2020, Cross-Petitioner filed her Reply in Support of Cross-Petition and also the Declaration of Suk Jin Andrew Kang ("Decl. of Andrew") and the Declaration of Suk Hoon Paul Kang ("Decl. of Paul"), in support of Reply in Support of Cross-Petition.

On November 5, 2021, after resolution of discovery motions, the Court issued a Scheduling Order and Discovery Plan ("Sched. Order") in this matter setting a hearing on the Petition and Cross-Petition for April 5, 2022. On January 26, 2022, Petitioner filed the Declaration of Anthony Raymond Ulloa ("Decl. of Pet."). On January 28, 2022, Petitioner filed his Motion for Leave and a Memorandum of Points and Authorities in Support of Motion for Leave ("Mot. for Leave"), which contained the proposed First Amended Petition of Anthony Raymond Ulloa for Probate of Wills and Letters of Administration with Will Annexed ("Prop. First Am. Pet."). Furthermore, on January 28, 2022, the Petitioner filed the Declaration of Stanley C. Wilson ("Mr. Wilson") and the Declaration of Georgette Bello Concepcion in support of the Motion for Leave.

On March 11 2022, Cross-Petitioner filed Opposition to Motion for Leave ("Opp'n Mot. for Leave"). Additionally, on March 11, 2022, Cross-Petitioner filed the Declaration of Joyce C.H. Tang ("Decl. of Tang"), in support of the Opp'n Mot. for Leave. On March 18, 2022, Petitioner filed the Reply of Petitioner Anthony Raymond Ulloa to Opposition to Motion for Leave ("Reply to Opp'n").

On May 20, 2022, Cross-Petitioner filed a Motion for Leave to File Sur-Reply ("Mot. for Leave to File Sur-Reply"). On June 10, 2022, Petitioner filed Opposition to Cross-Petitioner's

---

[4] The Court notes that Cross-Petitioner titled her objection: "Objection to Petition for Admission of Will and Letters of Administration With Will Annexed" although the pleading before the Court was Petitioner's Petition for Probate of Will and Letters Testamentary.

Motion for Leave to File Sur-Reply ("Opp'n Mot. for Leave to File Sur-Reply"). On June 15, 2022, Cross-Petitioner filed a Reply to Opposition to Motion for Leave to File Sur-Reply ("Reply to Opp'n Mot. for Leave to File Sur-Reply"). On June 21, 2022, the Court granted Cross-Petitioner's Motion for Leave to File Sur-Reply, and on June 22, 2022, Cross-Petitioner filed Sur-Reply ("Sur-Reply").

On June 24, 2022, the Court held a hearing on the Motion for Leave, and after the parties presented their arguments, the Court took the matter under advisement.

## DISCUSSION

The issue before the Court is whether the Petitioner's Motion for Leave to nominate Stanley C. Wilson ("Mr. Wilson") as administrator with will annexed should be granted or denied.[5] *See* Mot. for Leave, at 2:3-2:13; Prop. First Am. Pet., at ¶ 1(b), 7, 10; GRCP 15; 15 GCA § 1705, 1725, 1805, 1807.

### A.    Standard for Leave to Amend

The Guam Probate Code does not have a statute regarding how to amend pleadings. *See* 15 GCA §101 *et seq*. However, 15 GCA § 3423 provides that "all issues of fact joined in probate proceedings must be tried in conformity with the rules of practice in civil actions." Accordingly, the Guam Rules of Civil Procedure and the Local Rules of the Superior Court of Guam are applicable in resolving the amendment of a petition in probate proceedings.

Motions for leave to amend are subject to Rule 15(a) of the Guam Rules of Civil Procedure ("GRCP").[6] Rule 15(a) of the GRCP provides that "a party may amend the party's

---

[5] Different terms are used by the parties to describe Stanley C. Wilson's nomination, including personal representative, administrator, executor, etc. *See* Prop. First Am. Pet., at ¶ 1(b),(c); Opp'n Mot., at 2; Decl. of Pet.; Sur-Reply, at 2.

[6] Petitioner does not directly cite to Rule 15(a) in his Motion for Leave; however, the Court notes that the Petitioner cites to *Arashi & Co., Inc., v. Nakashima Enter., Inc.*, 2005 Guam 21 ¶ 16, which discusses Rule 15(a).

pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

The Guam Supreme Court has held that "in matters of pleading, leave to amend should always be liberally granted." *Arashi & Co., Inc., v. Nakashima Enter., Inc.*, 2005 Guam 21 ¶ 16 (citing *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962)).

In ruling on a Rule 15(a) motion for leave to amend a complaint, the Guam Supreme Court has directed the trial court to consider the following factors established in *Foman v. Davis*, 371 U.S. at 182 (hereinafter the "*Foman* factors"):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*M Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 42. (hereinafter "MEC").[7]

These considerations are summarized by the following four factors: 1) undue delay; 2) bad faith or dilatory motive; 3) undue prejudice; and 4) futility. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1152 (9th Cir. 2016).[8] The Court shall review these factors with regard to the Motion for Leave.

### 1.    Undue Delay

In her Motion for Leave, Petitioner notes that while health issues have existed since November 2020, these issues have "further developed" and will require the Petitioner to be away from Guam for extended periods of time and that combined with the "very risky conditions" of

---

[7] Because Guam's Rule 15 of the GRCP was derived from its federal counterpart, federal interpretation of Rule 15 of the Federal Rules of Civil Procedure ("FRCP") is persuasive on this issue. *MEC*, 2016 Guam 35 ¶ 40.

[8] The Court notes that neither party cited or discussed the *Foman* factors in their pleadings and provided scarce, if any, case law to support their positions. Despite this failure, the Court reviewed the pleadings and the arguments presented by counsel at the June 24, 2022 hearing when reviewing the *Foman* factors.

the global pandemic, Petitioner cannot serve as Executor and seeks to nominate Mr. Wilson. Mot. for Leave, at 1:21-2:11; Decl. of Pet., at ¶ 4-5. Although Cross-Petitioner does not directly allege undue delay, she alleges that this Motion for Leave comes after "a year of legal wrangling" and notes that "these personal and family medical conditions existed since November 2020, but it was not until a year later did Mr. Ulloa notify the Court." Opp'n Mot., at 3.

The Guam Supreme Court has held that the "non-moving party, or the court itself, must evidence something more than delay based on mere oversight in order to justify denial of leave to amend." *MEC*, 2016 Guam 35 ¶ 49. "[D]elay may serve as a 'predicate for a finding of bad faith' or other justification, but even under those circumstances there must be a showing of something more." *Id.*

In *MEC*, the Guam Supreme Court cited several cases wherein a delay in requesting leave to amend was insufficient to deny the request. *Id.* at ¶ 44. The Court cited to *Green v. Wolf Corp.*, 50 F.R.D. 220, 223 (S.D.N.Y. 1970), wherein the plaintiff moved to amend his complaint nearly four years after filing, offering no excuse for the delay other than that a new theory had not occurred to the attorney previously. *Id.* at ¶ 46. In *Green*, the court granted the motion for leave to amend, holding that the defendant failed to adequately show that it would be prejudiced by any delay the amendment would cause. *Green*, 50 F.R.D. at 223; *see In re Tracht Gut*, 836 F.3d at 1155, n. 4 ("[U]ndue delay alone cannot serve as the basis for the denial of leave to amend.").

Here, the Petitioner filed a Motion for Leave a little more than one month after the Scheduling Order permitted motions to amend pleadings, and less than two years after the filing of the underlying petition. *See* Sched. Order, at ¶ 7(a); Mot. for Leave, at 1:14-28. Petitioner also supported this Motion with a claim of worsening health during the pandemic, which offers significantly better support than in *Green*, where the movant waited four years with no excuse for the delay other than discovering a new legal theory. *Green*, 50 F.R.D. at 223. While

5

Cross-Petitioner alleges that Petitioner knew about these health concerns beforehand, the Court notes that Petitioner claims that these original health issues "further developed" since November 2020. Decl. of Pet., at. ¶ 4.

Based on the reasons put forward by Petitioner for seeking the Motion for Leave the Court finds that such a delay will not by itself preclude the granting of leave to amend. Therefore, the Court must evaluate the remaining *Foman* factors.

### 2.    Bad Faith or Dilatory Motive

Cross-Petitioner fails to state that the Motion for Leave is being made in bad faith, but Cross-Petitioner alludes to the Motion being done "at the behest of his attorneys [Mr. Taitano and Ms. Concepcion]" who "want to continue to control this case by nominating Wilson." Opp'n Mot., at 4-5. Cross-Petitioner further raises concerns that the Petitioner and attorneys have not shared any accounting or invoices related to allegations of past financial impropriety between the Decedent and the two attorneys, involving a $20,000 check payment to Ms. Concepcion and a $30,000 cash payment to Mr. Taitano. *Id.* The Court interprets these various allegations of the Cross-Petitioner to be an argument that the Motion for Leave should be denied due to bad faith or dilatory motive. As stated above, Petitioner claims that this Motion for Leave is based upon newly developed health issues during the pandemic, which will cause the Petitioner to leave Guam for extended periods of time. Decl. of Pet., at ¶ 4.

Courts find that "bad faith or dilatory motive" can be established when the Motion for Leave demonstrates "gamesmanship, such as when a plaintiff 'seeks to add a defendant' ;"to destroy diversity...."" *Carvajal v. Clark Cnty.,* 539 F. Supp. 3d 1104, 1120 (D. Nev. 2021)(quoting *Jackson v. Bank of Haw.,* 902 F.2d 1385, 1388 (9th Cir. 1990)); *see Sorosky v. Burroughs Corp.,* 826 F.2d 794, 805 (9th Cir. 1987)(where court found bad faith because plaintiff wanted to add defendant specifically to destroy diversity jurisdiction).

However, when there is a delay in filing a motion for leave, and there is "a satisfactory explanation" with no evidence on record of wrongful motive, courts have found that there is no cause to deny a motion to amend "on the basis of bad faith." *Carvajal*, 539 F. Supp. 3d at 1120; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)(finding no bad faith when delay in filing motion was based upon satisfactory explanation—gathering more evidence at the early stages of a case).

Here, the delay in Petitioner's filing is allegedly due to recently developed health issues. Decl. of Pet. ¶ 4. Like in *DCD Programs*, where the case was in the early stages, this case is also in the early stages of the probate proceedings. *DCD Programs*, 833 F.2d at 188. Therefore, the Court finds the Petitioner's statement about his health worsening in the last year to be a "satisfactory explanation" for the delay in filing.

Despite Cross-Petitioner's claims that the two attorneys are trying to control this case by nominating Mr. Wilson, the Court finds these claims are mere allegations that may be addressed and investigated, if warranted, once a personal representative has been appointed, and have not been substantiated to reflect a wrongful motive, like in *Carvajal*. Furthermore, the Court does not find any "gamesmanship" in the nomination of Mr. Wilson that would impact the Cross-Petitioner's case, like in *Sorosky*, where the motion would have destroyed diversity jurisdiction. Therefore, the Court does not find any bad faith or dilatory motive sufficient to deny the Petitioner's Motion for Leave.

### 3. Undue Prejudice

Cross-Petitioner does not allege any form of undue prejudice that may result from granting the Motion for Leave to nominate Mr. Wilson. Cross-Petitioner makes several remarks about the length of the proceedings and that her and her grandsons have "incurred substantial cost to litigate," but the Court finds no distinct argument that this Motion would cause undue prejudice against the Cross-Petitioner. Opp'n Mot., at 4-6.

The party opposing the amendment must adequately show how it would be prejudiced by the proposed amendment. *MEC*, 2016 Guam 25 ¶ 46. For instance, in *Green*, prejudice was not sufficiently demonstrated where the opposing party did not show what delay outside the time required to file an answer will ensue if the proposed amendment was allowed, nor did they demonstrate that evidence relevant to the party's new claims was no longer available. *Id.* (citing *Green*, 50 F.R.D. at 223). Simply stating the obvious—that the party has been conducting the litigation thus far on the basis of the claims in the original Petition filed—does not advance an assertion of prejudice. *See id.* "Lapse of time" alone does not allow the Court to make a finding that a party will be unduly prejudiced. *Id.* at ¶ 61. Courts also note that "in the absence of bad faith, however, litigation expenses incurred before a motion to amend is filed do not establish prejudice." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). Furthermore, a finding of prejudice will be clearly erroneous when it is not "supported by substantial evidence." *Id.* at ¶ 63.

Here, while Cross-Petitioner makes allegations that the Motion for Leave was delayed and that the proceedings have taken several years, the Court notes that lapse of time cannot be the sole basis of undue prejudice. Cross-Petitioner also comments about the litigation costs, but, as found in *United Healthcare*, when the Court does not make a finding of bad faith, additional costs do not merit undue prejudice. For this reason, Cross-Petitioner fails to present the Court with "substantial evidence" to support a finding that Cross-Petitioner will be prejudiced if the Court grants leave to amend.

### 4. Futility of Amendment

Cross-Petitioner asserts that the Motion is "frivolous" and is barred under the Guam Probate Code, which the Court interprets as an argument that the Motion for Leave is futile. Opp'n Mot., at 2-6; Sur-Reply, at 1-4. In his Reply to Opp'n, Petitioner contends that as Executor of the Will or the Estate and as Trustee of Decedent's Trust he "effectively nominated Mr.

Wilson as the administrator with the Will annexed pursuant to Section 1805(a)(9)." Reply to Opp'n, at 6:22-7:2. At the June 24, 2022 Motion hearing, the Petitioner clarified his proposed amendment stating that he seeks to nominate Mr. Wilson under his authority as Trustee of the Decedent's Trust, pursuant to 15 GCA § 1725 and Chapter 18 of the Guam Probate Code. Min. Entry, at 10:43:54 AM-10:50:51 AM (June 24, 2022). Cross-Petitioner challenges this alleged authority as Trustee, and further claims that the Petitioner is no longer Trustee because he was removed by the Trust beneficiaries. Min Entry at 10:51:08-11:07:37AM (June 24, 2022).

Petitioner asks the Court to take judicial notice that on February 1, 2022, Petitioner filed his verified Complaint for Appointment of Successor Trustee in Superior Court of Guam Civil Case No. CV0075-22 ("CV0075-22) seeking his discharge and nominating Mr. Wilson to be successor trustee due to the alleged disqualification of Paul and Andrew as successor trustees. Reply to Opp'n., at 3. Although Cross-Petitioner alleges that she first learned of this Complaint in the Petitioner's Reply because Petitioner "never served or provided notice to any of the parties of the filing of this Complaint" and disagrees with the Petitioner's position as to his status as Trustee, she does not specifically object to the Court taking judicial notice that the proceeding itself is pending. Sur-Reply, at 8. The Court takes judicial notice that CV0075-22 has been filed and involves a pending dispute between the Petitioner and Paul and Andrew concerning who shall serve as Trustee under the Decedent's Trust. Guam Rules of Evidence Rule 201. However, the Court does not find that Petitioner's status as Trustee to be dispositive on the issue of futility, or whether Petitioner may be granted leave to amend.

The Guam Supreme Court has held that a motion for leave is only considered futile when the complaint, as amended, would be subject to dismissal. *Lujan v. Calvo Fisher & Jacob LLP,* 2018 Guam 27 ¶ 13; *see M Elec. Corp,* 2016 Guam 35 ¶ 42. This standard requires that the Court accept the Petitioner's factual allegations in their pleadings and construe them in the light most favorable to the Petitioner. *Lujan,* 2018 Guam 27 ¶ 13; *First Hawaiian Bank v. Manley,* 2007

9

Guam 2 ¶ 9. The Court must then look at the Petitioner's specific allegations to determine whether they plausibly support a claim for relief or if amendment is futile. *See Lujan,* 2018 Guam 27 ¶ 13.

a.  **While Petitioner Was Granted No Authority under the Will to Appoint a Third Party to Serve as Executor, 15 GCA § 1705 Does Not Bar Petitioner's Claim to Nominate an Administrator with the Will Annexed**

First, Cross-Petitioner asserts that Mr. Wilson's nomination is barred by 15 GCA § 1705 because "decedent did not confer upon [Petitioner] the power to designate or appoint." Sur-Reply, at 5-6. Petitioner claims that § 1705 is "irrelevant and inapplicable with respect to [Petitioner] 'designating' or appointing anyone to be a successor executor" because he "has not yet been appointed" executor, and he seeks to appoint as Trustee. Reply to Opp'n, at 5:11-19; Min Entry 10:43:54 AM-10:50:51 AM (June 24, 2022). In Cross-Petitioner's Sur-Reply, she challenges this "incoherent interpretation" and claims that the language of § 1705 is "unambiguous and broadly [applies] to situations involving the power of a person named in a will to designate an executor." Sur-Reply, at 5.

Section 1705, titled "Testator's Ability to Confer Power to Designate Executor, Coexecutor, Successor Executor, or Successor Executor," states:

> **The testator may, by will, confer to one or more natural persons the power to designate an executor, to designate himself and some other natural person coexecutors, or to designate a successor executor or successor coexecutors;** and the testator may provide by will that the person or persons so designated may serve without bond or other form of security for the faithful performance of their trust. The designation provided for hereinabove shall be in writing and filed with the Superior Court of Guam. **Except as provided in this Section, an executor does not have authority to appoint an executor or coexecutor or successor executor or coexecutor.**

15 GCA § 1705 (emphasis added).

Petitioner's reasoning that 15 GCA § 1705 is "irrelevant and inapplicable" in this matter because he "has not yet been appointed," is misplaced. Reply to Opp'n, at 5:12-18. As

Cross-Petitioner argues, there is no language that requires appointment for § 1705 to take effect. Sur-Reply 5;*Pangelinan v. Gutierrez*, 2000 Guam 11, ¶ 23 (regarding statutory construction, courts must look first to the plain language of the statute). Rather, the statute states that a Testator may, by will, "confer to one or more natural persons the power to designate an executor" or "successor executor." 15 GCA § 1705. In this case, Decedent chose to appoint an executor, the Petitioner, and two successor executors, Paul and Andrew, in his Will. *See* Last Will and Test. of Byong Hi Kang, at ¶ 2 (herein after "Last Will"). There is no language in the Will conferring "the power to designate an executor" upon the Petitioner or any other party. *See id.* Therefore, the Court finds that 15 GCA § 1705 does not provide any authority for Petitioner, whether appointed or not, to nominate another person to serve as executor.

However, the Court does not find that this statute bars the Petitioner's ability to nominate an administrator with the will annexed. *See* Sur-Reply, at 2, 5-6. While Cross-Petitioner alleges that allowing the Petitioner to "appoint a successor executor" under other statutes would circumvent 15 GCA § 1705, the Court finds that this claim is inapplicable where the Petitioner does not seek the appointment of an executor, but rather the appointment of an administrator with the will annexed. Sur-Reply, at 5. The difference between these appointments is significant, and they are guided by different statutes. *See* 15 GCA § 1705, 1725, 1805.

> **b.    15 GCA § 1725 Provides Basis for the Claim that Chapter 18 of Guam Probate Code Governs the Order of Appointment for Administrator with the Will Annexed**

Petitioner claims that his lack of authority under § 1705 does not "preclude" him from nominating Mr. Wilson, pursuant to § 1725 and Chapter 18 (§1805 and §1807) of the Guam Probate Code. Reply to Opp'n, at 3:4, 5:11-19.

11

### i.      Elements of 15 GCA § 1725(a) Are Met

The Court notes that both parties appear to agree that 1725(a) has been met because they both invoke § 1725(b) to support their pleadings, which requires that § 1725(a) apply. Cross Petition, at ¶ 6; Opp'n Mot. for Leave to File Sur-Reply, at 2:23-3:7. 15 GCA § 1725(a) states:

> (a) The Superior Court of Guam shall appoint an administrator with the will annexed in the first instance, and shall grant to such appointee letters of administration with the will annexed upon proper petition therefor, when a decedent's will has been duly proved and:
> (1) No executor is named in the will; or
> (2) The sole executor or all the executors named in the will are dead; or
> (3) The sole executor or all the executors named in the will are incompetent to execute the trust under the provisions of Section 1701 of this Title; or
> (4) The sole executor or all the executors named in the will fail to apply for letters testamentary; or
> (5) The sole executor or all the executors named in the will fail to appear and qualify at the hearing provided in Section 1515 of this Title; or
> (6) The Superior Court of Guam determines, following the hearing referred to in Section 1723(a) of this Title, that letters testamentary shall not be granted to the persons named in the will as executors, or to any of them.

15 GCA § 1725(a).

Under 1725(a) the Court notes that the first two elements can be met—the Petitioner seeks to file a proper amended petition and there is an undisputed Will before the Court—as the dispute before this Court is limited to who shall serve as personal representative of the Decedent's Estate. Furthermore, § 1725(a)(4) appears to be met because the pending Motion for Leave seeks to amend that Petition to no longer seek letters testamentary on behalf of the Petitioner, a named executor. Mot. for Leave, at 1:21-2:12. In addition, the two remaining named executors, Paul and Andrew, have not applied for letters testamentary, and in their Declarations have declared that they support the Cross-Petition, which seeks to appoint Eun Na Kang as administrator with the will annexed, pursuant to 15 GCA § 1725, as well. *See* Decl. of Andrew, at ¶ 14; Decl. of Paul, at ¶ 14; Cross-Petition, at ¶ 6. Construed in the light most favorable to the

Petitioner, the Court notes that if the Motion for Leave was granted, there would be no pending Petition for letters testamentary, and no other filing of that type by any named executor. *See Lujan,* 2018 Guam 27 ¶ 13 This failure of any executor to properly apply for letters testamentary, would make a plausible legal claim for 15 GCA § 1725(a)(4) to apply. Therefore, the Court finds that this subsection can be met.

### ii. 15 GCA § 1725(b) Provides the Basis for Applying Chapter 18 of Guam Probate Code

Next, the Court must determine if 1725(b) brings "Chapter 18 into play" as Petitioner alleges.[9] Opp'n Mot. for Leave to File Sur-Reply, at 2:23-3:7. Therefore, the Court now turns to subsection 1725(b), which states:

> **Persons are entitled to appointment as administrators with the will annexed in the same order of priority as in the appointment of administrators;** provided, that one who takes under the will has priority over one who does not, and need not be entitled to succeed to the estate or some portion thereof under the law of succession; and provided further, that notwithstanding any other provisions of this subsection, **letters of administration with the will annexed may be granted to one or more competent persons** who are not otherwise entitled to appointment as a matter of priority, **upon the written request filed with the Superior Court of Guam by a resident of Guam who takes more than fifty percent (50%) of the value of the estate under the will.**

15 GCA § 1725(b)(emphasis added).

The Court concurs with Petitioner, and finds that this statute invokes Chapter 18 by stating that the appointment of administrators with the will annexed follows the "same order of priority as for the appointment of administrators," which is found in Chapter 18, titled "Appointment of Administrators. *Id.*; 15 GCA § 1801-1821. However, the Court also notes that this statute, alone, would not grant authority to nominate because it only provides that authority

---

[9] The Court notes that Petitioner also emphasizes that the Trustee "takes under the will," which would grant priority, which Cross-Petitioner challenges. Min. Entry, at 10:43:54 AM-10:50:51 AM (June 24, 2022). However, the Petitioner fails to provide any authority for this position or that the Court should understand this language of § 1725(b) to apply to a trustee as opposed to a beneficiary under a will.

"upon the written request filed with the Superior Court of Guam by a resident of Guam who takes more than fifty percent (50%) of the value of the estate under the will."[10] 15 GCA § 1725(b). As a result, the Court must review the matter pursuant to § 1805 and § 1807.

   c.  **Petitioner Has a Plausible Argument that § 1805 and § 1807 Provide Authority for Petitioner to Nominate Mr. Wilson to be Administrator with the Will Annexed**

Petitioner claims that he has authority to nominate Mr. Wilson to serve as administrator with the Will annexed pursuant to 15 GCA § 1805(a)(9) and § 1807. Reply to Opp'n, at 5:17-20. Cross-Petitioner claims that Petitioner's "reliance on sections 1805(a)(9) and 1807 is misplaced" and that these sections only pertain to the appointment of administrators, which is not applicable due to the Decedent not dying intestate.[11] Sur-Reply, at 2-4.

The Court now turns to the language of 15 GCA § 1805(a), titled "Priority of Persons Entitled to Letters of Administration," which states:

> (a) Letters of administration of the estate of a person dying intestate **must be granted to one or more of the following persons, if competent under the provisions of Section 1801 of this Title, who are entitled to letters of administration, upon proper petition therefor, in the following order:**
> (1) The Surviving spouse, or some person competent under the provision of Section 1801 of this Title who the surviving spouse may request to have appointed.
> 2) The children, or any of them.
> (3) The grandchildren, or any of them.
> (4) The parents, or either of them.
> (5) The brothers or sisters, or any of them.
> (6) The next of kin entitled to share in the estate, or any of them.
> (7) The relatives of a previously deceased spouse, or any of them, when such relatives are entitled to succeed to some portion of the estate.
> (8) The creditors, or any of them.

---

[10] The Court finds the Petitioner's allegation to be the Trustee, and to "take under the Trust" to be irrelevant to this portion, which was clearly meant for beneficiaries of the Will.

[11] The Court notes that Cross-Petitioner makes this argument despite citing Chapter 18 in her own Cross-Petition, as the basis of authority to nominate her daughter, Eun Kang. Cross-Petition, at ¶ 6.

**(9) Any person, other than those provided hereinabove, who is competent under the provisions of Section 1801 of this Title,** including, but not limited to, the Territorial Ombudsman (Suruhanu) or an attorney at law who indicates his willingness for such appointment. The Superior Court of Guam may establish and maintain a list or roster of attorneys at law who indicate their willingness to accept such appointments under the provisions of this subsection, and may grant letters of administration to an attorney at law whose name appears on such list or roster.

15 GCA § 1805(a)(emphasis added)

Upon a reading of the plain language of this statute, there appear to be nine categories of people "entitled" to be appointed administrator. *See Pangelinan,* 2000 Guam 11, ¶ 23 ("In cases involving statutory construction, the plain language of a statute must be the starting point"). However, under this statute, the authority to nominate another person appears limited to the surviving spouse, who "may request" to appoint. *Id.* The Court also notes that there is no special category for Trustee, but as Petitioner argues, § 1805(a)(9) is the category that would apply to the Petitioner, as Trustee, or as the Court notes, "any person" who is deemed competent. Reply to Opp'n, at 6:22-28; 15 GCA § 1805(a)(9). Petitioner declares that "based upon the undisputed evidence," he meets the requirements to be a competent person, pursuant to the requirements of § 1801, that he is "sixty six years of age, is a bona fide resident of Guam, has never been convicted of a felony or adjudged incompetent by any court for any reason and is still physically present in Guam." Reply to Opp'n, at 6:27-7:2. While Cross-Petitioner has challenged whether the Petitioner is still Trustee, she has not challenged this assertion that Petitioner is competent as "any person" under § 1805. *See, e.g.,* Opp'n Mot.; Sur-Reply.

The Petitioner alleges that as Trustee, he is "any person," and that this provides his authority to nominate Mr. Wilson, pursuant to § 1807. Opp'n Mot. for Leave to File Sur-Reply, at 2:23-24; Reply to Opp'n, at 5:17-24. 15 GCA § 1807, titled "Letters of Administration May

15

Be Granted to Nominee of One Entitled; Priority of Nominees; Procedure for Nomination"

provides:

> Letters of administration may be granted to one or more competent persons,
> although not otherwise entitled to the same, **at the written request of the person
> entitled** or of a child, grandchild, parent, brother or sister of the decedent who
> would be entitled but for his nonresidence in Guam, filed in the Superior Court of
> Guam....

15 GCA § 1807(emphasis added)

The Court finds that § 1807 grants the power to nominate another competent person "at

the written request of the person entitled." Cross-Petitioner claims that this authority to nominate

"is limited to situations where the person entitled to letters is making the nomination due to 'his

nonresidence in Guam[.]'" Sur-Reply, at 5. However, the plain language of the statute states "at

the written request of persons entitled *or* of a child, grandchild, parent, brother or sister of the

decedent who would be entitled but for his nonresidence in Guam...." 15 GCA § 1807(emphasis

added).[12] Thus, the Court finds that the statute does not limit an entitled person's authority to

residency, and further notes that Cross-Petitioner cites no authority that supports her

interpretation. *See* Sur-Reply. Instead, the Court finds that the statute relates back to § 1805,

which lists those that are "entitled" to appointment as administrators. 15 GCA § 1805. Therefore,

---

[12] The Court also notes the Comment to § 1807 to lend support, stating:

> The only substantive alteration to § 423 of the Probate Code of Guam (1970) is
> the addition of the language '...or of a child, grandchild, parent, brother or sister of
> the decedent who would be entitled but for his nonresidence in Guam....' As nonresidents
> are not entitled to letters of administration (see §§ 1801, 1701), the addition of this
> language is necessary to ensure that nonresident relatives have the same power to
> nominate a person to administer the estate as do resident relatives.

15 GCA § 1807, Comment.

16

if the Petitioner is qualified as a "person entitled," whether as Trustee or otherwise, under § 1805(a)(9), he could nominate another person, pursuant to § 1807.

The Court finds the Petitioner's Motion for Leave "plausibly supports a legal claim of relief" under the Guam Probate Code and, therefore, is not futile. *Lujan,* 2018 Guam 27 ¶ 13.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Petitioner's Motion for Leave to File First Amended Petition of Anthony Raymond Ulloa for Probate of Will and for Letters of Administration with Will Annexed. The Court further **ORDERS** Petitioner to file its First Amended Petition by **October 3, 2022**. A hearing to address the status of matters in this case shall be held on **October 13, 2022, at 10:30 a.m.**

SO ORDERED: _____SEP 2 6 2022_____.

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
*Brooks & Concepcion*
*Civil & Taus, C-Van*
*devila, Razzano, Walut, Torres*
Date: 9/26/22 Time: 5:40pm
**AMY COLLEEN K. ARCEO**
Deputy Clerk, Superior Court of Guam